**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IDA MOLAYEM, MICHAEL GATHEN, and KEITH WHITE, on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>-against-<br><br>RALPH LAUREN CORPORATION, RALPH LAUREN RETAIL, INC., and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 1:24-cv-04816 (JGLC) |

**MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 54(B)**

Defendants Ralph Lauren Corporation and Ralph Lauren Retail, Inc. (collectively, "Defendants" or "Ralph Lauren") respectfully submit this memorandum of law in opposition to the motion of Plaintiffs Ida Molayem, Michael Gathen, and Keith White (collectively, "Plaintiffs") for entry of final judgment pursuant to Federal Rule of Civil Procedure 54(b) (the "Motion") (ECF No. 40).

**INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiffs in this case have been playing a game, where they assert claims, drop claims, substitute in new plaintiffs, and assert claims collectively, only to now try and to split this case into two, despite having asserted it as one. The Court should deny Plaintiffs' Motion. Permitting Plaintiffs to split this action into two will be inefficient and a likely waste of judicial resources.

This action was initiated on June 25, 2024 by now-dismissed Plaintiff Sarah Ratra. (*See* Complaint, ECF No. 1.) Defendants moved to dismiss the original Complaint on September 18, 2024 (ECF No. 24). In response to that first motion to dismiss, Plaintiffs' counsel dropped Plaintiff Ratra, dismissing her claims, and replaced her with three new representatives, filing the first amended complaint on September 30, 2024 (the "FAC") (ECF No. 27).

In the FAC, Plaintiffs Ida Molayem ("Molayem"), Michael Gathen ("Gathen") and Keith White ("White") asserted false advertising and consumer protection claims under New York Law, California law, and Oregon law. Defendants moved to dismiss (ECF No. 34), and on September 29, 2025, this Court issued an Opinion Order, granting in part and denying in part the motion (ECF No. 39). In the Order, the Court dismissed Plaintiff Gathen's claims under New York law for failing to adequately allege injury. (*Id.*) The remaining Plaintiffs claims under California and Oregon law were allowed to proceed. (*Id.*) Now, Plaintiffs are requesting that the Court enter

judgment on Plaintiff Gathen's claims so that, in the middle of the proceeding, they can take an appeal.

For the reasons explained below, the Motion should be denied. There is a strong policy against piecemeal appeals, and a strong preference in favor of the one final judgment rule. That policy and preference should apply here: There are factual and legal issues applicable to the remaining California and Oregon claims that will apply equally to the New York claims, such that it makes far more sense to allow this case to proceed in the trial court, and to permit any appeal down the road.

## ARGUMENT

### I. Applicable Legal Standard

There is a "historic federal policy against piecemeal appeals." *Laydon v. Bank of Tokyo-Mitsubishi UFJ, Ltd*., No. 12 CIV. 3419 (GBD), 2015 WL 14017360, at *1 (S.D.N.Y. July 24, 2015). There is a narrow exception to this general rule – Rule 54(b) allows a district court to sever a claim and enter final judgment on that claim where "(1) there are multiple claims or parties, (2) at least one of the claims or the rights and liabilities of at least one party has been finally determined, and (3) there is no just reason for delay." *FAT Brands Inc. v. PPMT Cap. Advisors, Ltd*., No. 19-CV-10497 (JMF), 2021 WL 1392849, at *1 (S.D.N.Y. Apr. 13, 2021) (citing *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 164-65 (2d Cir. 2005)). The district court's power to split apart an action and permit an early appeal should be "exercised sparingly." *Harriscom Svenska AB v. Harris Corp*., 947 F.2d 627, 629 (2d Cir. 1991). As the Second Circuit has made clear, "the district court generally should not grant a Rule 54(b) certification if the same or closely related issues remain to be litigated." *Novick v. AXA Network, LLC*, 642 F.3d 304, 311 (2d Cir. 2011) (reversing Rule 54(b) certification).

While Defendants do not dispute that the first two elements are present, it is evident that Plaintiffs cannot meet the third element, as there are substantial reasons to delay the entry of final judgment as to Plaintiffs New York Claims given that the "same or closely related issues remain to be litigated" under California and Oregon law. *Novick*, 642 F.3d at 311.

## II. Plaintiff Gathen Cannot Establish The "No Just Reason For Delay" Requirement

As set forth above, Rule 54(b) certification is permitted only where "there is no just reason for delay" on the appeal. In analyzing this third element of the test, the Second Circuit has held that certification under Rule 54(b) should be granted only if there are "interests of sound judicial administration and efficiency to be served, or, in the infrequent harsh case, where there exists some danger of hardship or injustice through delay which would be alleviated by immediate appeal." *Harriscom*, 947 F.2d at 629 (cleaned up). "In applying these principles, the Second Circuit has repeatedly noted that the district court generally should not grant a Rule 54(b) certification if the same or closely related issues remain to be litigated." *FAT Brands,* 2021 WL 1392849, at *1 (citing *Novic*, 642 F.3d at 311) (cleaned up).

### A. <u>Closely Related Issues Remain to Be Litigated in the Class Action</u>

Here, it is clear that the interests of sound judicial administration and efficiency would not be served, as there are numerous unresolved merits questions regarding the surviving California and Oregon state law claims that remain to be litigated which would equally impact the dismissed New York claims. *See Novick,* 642 F.3d at 311; *FAT Brands*, 2021 WL 1392849, at *1.

*First*, the key factual issue of whether Ralph Lauren's pricing is deceptive remains to be litigated in this action and is central to Plaintiffs' claims under *all* consumer statutes. A factual determination that Ralph Lauren's pricing is not deceptive would necessarily impact all of Plaintiffs' claims, including claims under New York law.

*Second*, issues relating to damages are closely intertwined across the claims, and determinations related to damages in this litigation would necessarily impact the New York claims. In their FAC, Plaintiffs attempt to allege injury under New York law by asserting that a "regression" analysis shows that consumers paid a "price premium" as a result of Ralph Lauren's allegedly deceptive practices. (*See, e.g.*, FAC ¶ 67 ("Plaintiffs have been injured and incurred quantifiable actual damages as a result of Defendants' fraudulent pricing scheme, which can be and has been preliminarily calculated through the use of regression analysis.")) The Court dismissed the New York claims in part because the model failed to provide an objective measure of price premium damages, and Court questioned whether such a model could ever "identify some real market value of a falsely discounted product." (*See* ECF No. 39 at 7.) That model is certain to fail for the same reasons when Plaintiffs attempt to apply it to prove damages ore restitution under California and Oregon law. To the extent Plaintiffs change models and assert something else, litigation of the viability of some new model will apply equally across California, Oregon, and New York law. There is thus ample reason not to permit an appeal now, but to allow the case to proceed so that parallel issues under California and Oregon law can be litigated.

Given that further litigation of the California and Oregon claims would necessarily affect an appeal of the New York claims, Rule 54(b) certification is not appropriate. *See In re Blech Sec. Litig*., No. 94 CIV. 7696 (RWS), 1997 WL 20833, at *2 (S.D.N.Y. Jan. 21, 1997) ("'[W]here the resolution of the remaining claims could conceivably affect' an appellate court's decision of the claims on appeal, a district court should be reluctant to grant a Rule 54(b) motion.") (citing *Hogan v. Consol. Rail Corp*., 961 F.2d 1021, 1025 (2d Cir. 1992)); *see also Novick*, 642 F.3d at 314 ("Thus, on the present appeal, this Court would be required to consider many of the same issues that will need to be considered in any appeal from a final judgment adjudicating Novick's claims.

Accordingly, we conclude that the district court's Rule 54(b) certification of the judgment on the August Loan Note for immediate appeal is contrary to the interests of sound judicial administration and efficiency and thus constituted an abuse of discretion.”).

Accordingly, a Rule 54(b) certification here would undermine interests of sound judicial administration and efficiency, and should not be granted.

### B. There Is No Danger of Hardship or Injustice

Plaintiffs fail to establish there is “danger of hardship or injustice through delay which would be alleviated by immediate appeal.” *Harriscom*, 947 F.2d at 629. Plaintiffs argue in their Memorandum of Law (“Pls. Mem.”) (ECF No. 41) that it would create an inequitable hardship if Gathen were forced to “wait years for appellate review” of his claims. (Pls.’ Mem. at 6.) It is, however, exceedingly rare for trials in consumer class actions to proceed to trial. The likelihood that this case will proceed to a merits trial is minimal, undermining Plaintiffs’ assertion of “hardship” from awaiting “years” for a final judgment.

Further, Plaintiffs argue that “if Defendant’s future summary judgment motion is denied and the remaining claims must proceed to trial before Plaintiff Gathen can appeal, both parties and the Court will inevitably expend substantial additional time and resources on duplicative discovery and expert work concerning class certification and liability.” (Pls.’ Mem. at 6.) However, desire to avoid duplicative discovery and a second trial has been rejected by the Second Circuit as a basis for entry of a partial judgment. *See FAT Brands*, 2021 WL 1392849, at *3. “Indeed, the possibility that unnecessary discovery and trial costs would result should the Second Circuit decide to reverse the Court's earlier opinion is inherent in every denial of Rule 54(b) certification, and hardly rise[s] to the level of hardship[ ] that warrant[s] immediate appeal.” *Id.* (internal citations omitted).

Additionally, Courts in this district routinely find that where, as here, the Court “has dismissed Plaintiff's claims and Plaintiff has not been awarded any judgment or other recovery,

there is no 'unusual hardship' justifying a departure from normal federal practice." *Balash v. Bank of New York Mellon Tr. Co., Nat'l Ass'n*, No. 122CV01120BKSDJS, 2024 WL 1285217, at *3 (N.D.N.Y. Mar. 26, 2024) (internal citations and quotations omitted).

In sum, Plaintiffs fail to offer any compelling justification for why "the Court should short-circuit the normal progression of this case." *Sea Trade Co. v. FleetBoston Fin. Corp.*, No. 03 CIV. 10254 (JFK), 2009 WL 4667102, at *2 (S.D.N.Y. Dec. 9, 2009) (denying motion under Rule 54(b)). Accordingly, the Motion should be denied.[1]

**CONCLUSION**

For the foregoing reasons, Defendants respectfully request that Plaintiffs' Motion is denied.

[1] Plaintiffs rely on the decision in *Binder v. Michael Kors (USA), Inc*. granting the a motion for Rule 54(b) certification as support for why there is no just delay in this case. (Pls.' Memo at 5.) However, the Rule 54(b) motion in Binder was unopposed. *See* Order of Final Judgment, *Binder v. Michael Kors*, No. 1:23-cv-03941 (S.D.N.Y July 15, 2024), ECF No. 43. Here, unlike in *Binder*, Defendants actively object and provide grounds for denying certification. A ruling on an unopposed motion does not support that the Court must reach the same conclusion here.

Dated: New York, New York
October 20, 2025

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By: */s/ Robert S. Friedman*

Robert S. Friedman
Sylvia Waghorne

30 Rockefeller Plaza
New York, New York 10112
Telephone: (212) 653-8700
rfriedman@sheppardmullin.com
swaghorne@sheppardmullin.com

Jay Ramsey
(*Admitted Pro Hac Vice*)
1901 Avenue for the Stars, Suite 1600
Los Angeles, California 90067
Telephone: (310) 228-3700
jramsey@sheppardmullin.com

*Attorneys for Defendants Ralph Lauren Corporation and Ralph Lauren Retail, Inc.*

## WORD COUNT CERTIFICATION

I, Robert S. Friedman, certify that the foregoing memorandum of law complies with the word-count limitations set forth in Local Civil Rule 7.1(c). According to the word count of the word-processing program used to prepare the memorandum, and exclusive of the portions of it that are excluded by the Rule, there are 1828 words in the document.

*/s/ Robert S. Friedman*
Robert S. Friedman