UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IDA MOLAYEM, MICHAEL GATHEN, and KEITH WHITE, on behalf of themselves and all others similarly situated,<br><br>       Plaintiffs,<br><br>     -against-<br><br>RALPH LAUREN CORPORATION, RALPH LAUREN RETAIL, INC., and DOES 1-50, inclusive,<br><br>       Defendants. | 24-CV-4816 (JGLC)<br><br>**<u>ORDER</u>** |

JESSICA G. L. CLARKE, United States District Judge:

Pending before the Court is Plaintiffs' motion for entry of judgment under Federal Rule of Civil Procedure 54(b) with respect to Plaintiff Michael Gathen's claims under New York General Business Law ("NY GBL") §§ 349 and 350. ECF No. 40. The Court has carefully reviewed the parties' briefing on this motion and, for the reasons below, grants Plaintiffs' motion.

"There are three requirements for a court to enter partial final judgment under Rule 54(b): (1) the presence of multiple claims or multiple parties, (2) at least one claim, or the rights and liabilities of at least one party, must be finally decided within the meaning of 28 U.S.C. § 1291, and (3) the district court must make an express determination that there is no just reason for delay and expressly direct the clerk to enter judgment." *Netrebko v. Metro. Opera Ass'n*, No. 23-CV-6857 (AT), 2025 WL 2161448, at *6 (S.D.N.Y. July 29, 2025) (quoting *Ginett v. Comput. Task Grp., Inc.*, 962 F.2d 1085, 1091 (2d Cir. 1992)) (cleaned up). The parties do not dispute that the first two factors are met here.

The third factor—no just reason for delay—"is left to the sound judicial discretion of the district court." *Netrebko,* 2025 WL 2161448, at *6 (quoting *Ginett*, 962 F.2d at 1092). This

factor is generally satisfied where both: (1) the claims are "inherently separable" from claims that have not been dismissed; and (2) doing so is in the interest of sound judicial administration and furthers the equities involved. *Id.* The Second Circuit has made clear that a district court "generally should not grant a Rule 54(b) certification if the same or closely related issues remain to be litigated." *Zivkovic v. Laura Christy LLC*, 94 F.4th 269, 271 (2d Cir. 2024) (quoting *Novick v. AXA Network, LLC*, 642 F.3d 304, 311 (2d Cir. 2011)).

Here, the New York claim is separable from the claims that have not been dismissed. *See* ECF No. 39 at 4–7. The sole legal issue for the appeal is whether Plaintiff sufficiently alleged actual injury sufficient to state claims under New York law. *See id.* This particular pleading requirement is not at issue with respect to the other state law claims that survived. *See id.* at 8–14. And indeed, a court faced with a Rule 54(b) motion in an analogous case granted the plaintiff's motion with respect to dismissed New York consumer fraud claims. *See* Order of Final Judgment, *Binder v. Michael Kors (USA), Inc.*, No. 23-CV-3941 (DEH) (S.D.N.Y. Dec. 9, 2024), ECF No. 43.

Second, a Rule 54(b) judgment will serve the interests of sound judicial administration and will serve the equities involved. This case, although filed in 2024, is still in its initial stages. The parties are briefing class certification, and fact and expert discovery deadlines have not yet been set. There is, therefore, a possibility that the issue of the viability of the New York claims in this action will be resolved in advance of trial, and that, if resolved in Plaintiff Gathen's favor, "there is the possibility that [he] might rejoin this litigation prior to trial (if there is any)." Order of Final Judgment, *Binder*, No. 23-CV-3941 (DEH), ECF No. 43. Doing so will ensure Gathen's claim can be litigated along with the other plaintiffs, if appropriate, and will cause no prejudice to Defendants.

Accordingly, the Court grants Plaintiffs' motion and will enter the proposed order at ECF

No. 41-1 separately. The Clerk of Court is respectfully directed to terminate ECF No. 40.


Dated: March 30, 2026
        New York, New York


                                        SO ORDERED.


                                        _Jessica Clarke_____

                                        JESSICA G. L. CLARKE
                                        United States District Judge